## Ashley Wire Company v. John McFadden, Jr., Administrator of the Estate of William Maxwell, deceased.

1. MASTER AND SERVANT—*Obligations of the Servant—Dangerous Places.*—A servant is under no obligation to keep out of the range of unknown and unexpected danger. He may rely upon the safety of the machinery furnished by the master.

2. WITNESSES—*Daughter of Intestate Competent.*—In an action by an administrator to recover damages occasioned by the death of his intestate, the daughter of the deceased is a competent witness to show that her father was a man of good health and able to perform hard labor.

Trespass on the Case.—Death from negligence. Error to the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

D. J. SCHUYLER and D. F. HIGGINS, attorneys for plaintiff in error.

E. MEERS, attorney for defendant in error.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

. Defendant in error recovered judgment for $2,500 dam-

ages to the widow and next of kin of William Maxwell, a laborer in the wire factory of plaintiff in error, who was killed by the falling of a derrick used to lower and draw out stems from the annealing pots in a furnace.

The derrick fell because a guy rod connecting it with the wall gave way and pulled through the wall.   When it fell the boom which struck and killed Maxwell at the same time injured one Frank Mercier, a co-laborer, who sued and recovered a judgment against the wire company for $7,000. . This court reviewed the Mercier case and affirmed the judgment.

In the opinion filed in that case (61 Ill. App. 485) appears a full statement showing the construction of the derrick, the manner in which it was used, the cause of its falling, and how Mercier was injured and Maxwell killed.   We need not repeat it here.   There is the same evidence in this case that was in the other, showing the negligence of the plaintiff in error.   We have the same views as to its negligence that we then had, and without again setting them forth, refer to the opinion in that case.

It is contended that the proofs show that deceased at the time he was killed was not in the exercise of ordinary care and caution, but was standing under the end of the boom in a dangerous place, and where his duty did not call him.

After a careful consideration of the evidence in the record we are unable to discover any circumstance indicating that the deceased knew of the danger of one standing under or near the boom.   He was attending to his work, assisting Mercier in the usual manner.   There was no obligation resting upon him to keep out of the range of unknown and unexpected danger.   He could rely upon the safety of the machinery.

It is claimed that error occurred in the admission of evidence.   The deceased's daughter was permitted to testify over the objection of plaintiff in error that her father was a man of good health and able to perform hard labor.   In this we see no error.   We do not think proof of that character should be limited to medical experts as contended for.   The objection to the testimony of Mr. Hills is quite technical.

We see nothing in it prejudicial to the defendant. While some of the rulings of the court on the admission of evidence may be open to criticism, we on the whole regard the facts as fairly presented to the jury. In our view of the case plaintiff in error was liable and the judgment recovered is a very moderate one.

Plaintiff in error has no just ground for complaint because of instructions given or refused. Judgment affirmed.